UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  08-21894-CIV-SEITZ/O'SULLIVAN

ERIC COVINGTON, individually and
on behalf of all others similarly situated,

        Plaintiff,

v.

ARIZONA BEVERAGE CO., LLC,
HORNELL BREWING COMPANY,
INC., and FEROLITO, VULTAGGIO &
SONS, INC.,

        Defendants.

_____

### ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL

THIS CAUSE came before the Court on January 27, 2009, on Defendants' Notice of Hearing seeking to overrule objections and to compel compliant responses to defendants' Request for Production (the "Document Request") and Defendants' initial set of interrogatories (the "Interrogatories") (the "Motion").  Having heard the argument of counsel, having reviewed the record, and being otherwise fully advised, it is hereby ORDERED that:

    1.    The MOTION is GRANTED in part.

    2.    With respect to Plaintiff's responses to the Document Request and the Interrogatories, the Court finds that the Preliminary Statement and General Objections asserted by Plaintiff are improper and they are stricken.  Plaintiff may assert objections, if any, with particularity and specificity, to the Instructions or Definitions, individual document requests or interrogatories in his Supplemental Responses.

    3.    With respect to the Document Request, the Court finds and rules that:

(d) Plaintiff's objections to Requests 2-5, 8, 35, 37 and 39 are overruled, and Plaintiff shall supplement his response and produce responsive documents in his possession, custody or control.

(e) Plaintiff's shall supplement his response to Requests 6-7 to state whether there are responsive documents, and he shall produce responsive documents in his possession, custody or control.

(f) Plaintiff's objections to Document Requests 22-23 are overruled, and he shall supplement his response to address when he first learned that "All Natural Products' contain HFCS and the "Fruit Product" did not contain "a significant amount of the fruit named," and produce responsive documents, if any, in his possession, custody or control.

(g) Plaintiff's objections to Requests 24, 33, and 34 are sustained in part. If Plaintiff has the primary pleadings in his possession, he shall produce them. If there were depositions and/or sworn statements, Plaintiff shall so state and produce them if he has them in his possession, or assist Defendants in obtaining them if he does not have them in his possession.

(h) Plaintiff's objections to Document Request 36 are overruled, and he shall produce responsive documents. If Plaintiff contends any part of the requested agreement, contract or understanding is privileged, he may redact same, and provide a privilege log containing the information required by Local rule 26.1.G.

(i) Plaintiff's objections to Document Requests 42-48 are overruled, and Plaintiff shall produce any responsive documents, if any, in his possession, custody or control.

10. With respect to the Interrogatories, the Court finds and rules that:

(k) Plaintiff's objections to Interrogatories 7, 8, and 18 are overruled, and he shall provide fully compliant answers; Interrogatory 18 is amended to request the categories of damage that Plaintiff contends would be common to all the members and the categories which would be different from class members to class members.

(l) Plaintiff shall verify under oath: (I) the answers given in his Initial Responses to the Interrogatories dated January 9, 2009 and (ii) his Supplemental Responses To Interrogatories required by this Order.

13. Plaintiff shall fully comply with the requirements of this Order and serve supplemental responses to the Document Requests and supplemental answers to the Interrogatories, and produce all documents no later than February 3, 2009.

14. The Parties are reminded of the requirement for meaningful pre-filing conferences required by Local Rules 7.1.A(3) and 26.1.I. Pre-filing conferences shall be by telephone conference or in person.

7. The deposition of Plaintiff, scheduled for January 30, 2009, is adjourned to a date to be agreed upon between the parties.

DONE AND ORDERED this the 29th day of January, 2009 in Chambers in Miami-Dade County, Florida.

_____
The Honorable John O'Sullivan
United States Magistrate Judge