UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21894-CIV-SEITZ/O'SULLIVAN

ERIC COVINGTON, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

ARIZONA BEVERAGE CO., LLC, HORNELL
BREWING COMPANY and FEROLITO
VULTAGGIO & SONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendants' Amended Bill of Costs (DE # 215, 8/5/10).  This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b).  Having carefully reviewed the filings and applicable law, the undersigned recommends that the Defendants' Amended Bill of Costs (DE # 215, 8/5/10) be GRANTED in part and DENIED in part in accordance with the following Report and Recommendation,

## BACKGROUND

The plaintiff initiated this lawsuit on May 20, 2008, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  The defendants removed the case to this Court on July 3, 2008.  On December 9, 2009, the District Court ordered the parties to appear at mediation, which was to occur at 9:00 AM on May 7, 2010, (DE # 132, 12/9/09).  Appearance at the May 7, 2010, mediation was mandatory.  The plaintiff failed to appear at the mediation.  On June 15, 2010, the District Court dismissed this case with prejudice because the plaintiff failed to meet the obligations and responsibilities of a putative class representative, the plaintiff did not appear

to be an appropriate class representative, and plaintiff's counsel did not appear to be an appropriate class counsel. (DE # 206, 6/15/10). The Court further noted that the plaintiff and plaintiff's counsel failed to appear at the Court ordered mediation, and that the plaintiff was "not the driving force behind this suit." Id, at p.2.

The defendants filed the Amended Bill of Costs on August 5, 2010 (DE # 215). The plaintiff filed the Plaintiff's Opposition to Defendants' Bill of Costs on July 28, 2010, (DE #212), and the defendants filed a reply on August 9, 2010, (DE # 216).

## ANALYSIS

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs other than attorney's fees "should be allowed to the prevailing party" unless a federal statute, the Federal Rules, or a court order provide otherwise. See Fed.R.Civ.P. 54(d)(1).

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d) . . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.

Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001) (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir.1995)). A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  In the exercise of sound discretion, the Court is accorded great latitude in ascertaining taxable costs.  See E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000).  However, absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See Id. at 620; Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

The Court dismissed the plaintiff's claims in this case with prejudice and the defendants prevailed.  The defendants are entitled to receive all costs recoverable under 28 U.S.C. § 1920.  "[T]he losing party bears the burden of demonstrating that a cost is not taxable unless the knowledge regarding the proposed costs is within the exclusive knowledge of the prevailing party."  Monelus v. Tocodrian, Inc., 609 F.Supp.2d 1328, 1333 (S.D. Fla. 2009).

The defendants submitted an amended Bill of Costs in the total amount of $4,755.28 for costs pursuant to 28 U.S.C. §1920.  (DE # 215, 8/5/10).  In opposition, the plaintiff argues that the Court should "exercise its discretion" and deny the defendants request for costs in its entirety or reduce the request substantially, because "[a]ssessing costs against Plaintiff would be manifestly unjust given the circumstances, and would circumvent the intentions of the Court."  (DE # 212, 7/28/10 at p. 2).  The undersigned disagrees with the plaintiff's position.  While the Court did in fact state that, "Mr. Covington can rest easy that he does not have any financial burden", (Transcript p. 12, lines 7-8) this statement in its proper context addressed whether the Court would impose monetary sanctions on the plaintiff for failing to comply with the Court's Order.  (Transcript p. 12, lines 3-4 and 9-12).  Simply because the Court sanctioned

the plaintiff with dismissal for failing to appear at mediation rather than a monetary sanction does not foreclose an award of statutory costs to the prevailing party.  Even if the Court's sanction of dismissal would, in some manner, foreclose the awarding of statutory costs, the Court's dismissal here was only partially prompted by the plaintiff's failing to comply with Court Orders.  (DE # 206, 6/15/10).  In the dismissal Order, the Court stated numerous grounds for dismissal including that the plaintiff failed to meet the obligations and responsibilities of a putative class representative, the plaintiff did not appear to be an appropriate class representative, and plaintiff's counsel did not appear to be an appropriate class counsel.  (DE # 206, 6/15/10).  The Court further noted that the plaintiff and plaintiff's counsel failed to appear at the Court ordered mediation, and that the case appeared to be attorney driven.

In accordance with the foregoing, the undersigned respectfully recommends that the Court award the defendants costs as outlined below.

**1. Fees of the Clerk**

**a. Notice of Removal Filing Fee**

The defendants seek reimbursement in the amount of $350.00 for the Notice of Removal filing fee.  (DE # 215, 8/5/10).  The plaintiff objects to an award of the $350.00 for the Notice of Removal filing fee on the grounds that the defendants chose to remove the case on its own behalf and that nothing the plaintiff did required the defendants to incur this cost.  (DE # 212, 7/28/10).  In reply, the defendants argue that this fee is a fee of the clerk and is allowed as a cost regardless of whether the fee was paid when the action first began or if the fee was paid at the time the action was removed.  In support of this proposition, the defendants cite to Card v. State Farm Indemnity, 126 F.R.D. 658, 661 (N.D. Miss 1989).  The undersigned concludes that the defendants are entitled to recover the $350.00 for the Notice of Removal filing fee because the fee has been "explicitly recognized as a taxable 'fee of the clerk' under 28 U.S.C. §

1920(1)." Chism v. New Holland North America, Inc., 2010 WL 1961179, *3 (E.D. Ark. 2010). See McGuigan v. CAE Link Corp., 155 F.R.D. 31, 37 (N.D.N.Y. 1994); Raio v. American Airlines, Inc., 102 F.R.D. 608, 611 (E.D. Pa. 1984).

The undersigned recommends that the defendants recover $350.00 for the fees of the clerk for the Notice of Removal filing fee.

### b. Pro Hac Vice Admission Fee

The defendants also seek reimbursement in the amount of $75.00 to recover a *pro hac vice* admission fee for defense counsel Robert Donovan. The plaintiff argues that the *pro hac vice* fee should not be awarded because the defendants had competent counsel in Florida. The defendants argue that while the taxation of *pro hac vice* fees is unsettled, *pro hac vice* fees are common, are court imposed fees, and should be taxable.

The defendants rely on Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009) in support of the notion that *pro hac vice* fees are recoverable as fees of the clerk under 28 U.S.C. § 1920. Craftsmen cites to Davis v. Puritan Bennett Corp., 923 F.Supp. 179, 181 (D. Kan. 1996), a case in which the court awarded *pro hac vice* fees because the "Plaintiff selected the forum and compelled [the] defendant to defend itself in this district." Id. The Eighth Circuit also acknowledged that "[n]either Rule 54 nor § 1920 specifically authorize *pro hac vice* fees to be taxed as costs, and [that] many courts have found that such fees are not recoverable under § 1920." Craftsmen at 898. (Citing Rakes v. Life Investors Ins. Co. of Am., 2008 WL 4852932, at *5 (N.D. Iowa Nov. 7, 2008) (parenthetical explanations omitted)); Romero v. United States, 865 F.Supp. 585, 594 (E.D. Mo. 1994).

28 U.S.C. § 1920(1) allows for the recovery of "fees of the clerk and marshal." As Judge Marra pointed out in a 2009 opinion, "several courts, including a court in this judicial circuit has held that the *pro hac vice* fee is an expense of counsel, not the client, and is thus not

5

properly recoverable under 28 U.S.C. §1920 as fees of the clerk." Exhibit Icons, LLC v. XP Companies, LLC, 2009 WL 3877667, *1 (S.D. Fla. 2009) (Citing Eagle Ins. Co. v. Johnson, 982 F.Supp. 1456, 1459-60 (M.D. Ala. 1997), aff'd, 162 F.3d 98 (11th Cir. 1998) (cost denied as not a statutory fee); Romero v. United States, 865 F.Supp. 585, 594 (E.D. Mo. 1994) (cost denied as expense of counsel not normally charged to fee paying client); Schmitz-Werke GmbH Co. v. Rockland Indus., Inc., 271 F.Supp.2d 734, 735 (D. Md. 2003) (cost denied for reasoning articulated in Romero); but see Burton v. R.J. Reynolds Tobacco Co., 395 F.Supp.2d 1065 (D. Kan. 2005) (awarding *pro hac vice* fees under Section 1920)).

The undersigned is persuaded by the reasoning in Eagle Ins. Co. v. Johnson and Exhibit Icons, LLC v. XP Companies, LLC that *pro hac vice* fees are not recoverable under Section 1920. The undersigned recommends that the $75.00 *pro hac vice* fee not be allowed.

**2. Transcript Fees**

The defendants request a total of $4,031.87 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, which includes, $352.44 for an October 6, 2008, hearing transcript, $140.25 for a January 15, 2010, hearing transcript, $74.76 for a June 14, 2010, hearing transcript, and $3,464.42 for the deposition transcript of the plaintiff. The defendants seek a total amount of $567.45 for hearing transcripts from the hearings held on October 6, 2008, January 15, 2010, and June 14, 2010. 28 U.S.C. § 1920(2) permits a judge or the clerk of court to tax as costs the fees for printed or electronically recorded transcripts necessarily obtained for use in the case. The plaintiff objects to the taxability of the hearing and deposition transcripts. The plaintiff asserts that the October 6, 2008, transcript is not taxable for two reasons: (1) the hearing would not have been necessary if the defendants had not removed the case; and (2) the defendants could have taken notes regarding the dates and the details required from the hearing. The plaintiff argues that the

6

hearing transcripts are not taxable as costs because the hearing transcripts were not used in presenting evidence to the court. (DE # 212, 7/28/10). The plaintiff cites Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748 (8th Cir. 2006) in support of this argument.

Conversely, the defendants argue that the Court should tax the hearing and deposition transcripts as costs because the transcripts were necessarily obtained for use in the case. More specifically, the defendants assert that, first, the October 6, 2008, hearing transcript was necessary to rebut the plaintiff's arguments. Second, the defendants assert that the January 15, 2010, hearing transcript was necessarily obtained for use in the case because statements about the plaintiff's residential history were made at that discovery hearing which were utilized in opposition to the plaintiff's motion for class certification. Third, the defendants argue that the June 14, 2010, transcript is relevant to the instant dispute. The undersigned agrees that the defendants are entitled to recover $567.45 for the hearing transcripts. Neither 28 U.S.C. § 1920 nor the case law cited by the plaintiff mandate that a prevailing party may not seek and award of costs for transcripts necessary for use due to that party's own motion.

The defendants request reimbursement in the amount of $3,464.42 for the deposition transcript of the plaintiff. The undersigned finds that the cost request associated with the deposition transcript of the plaintiff was a cost that was incurred for a transcript that was necessarily obtained for use in the case. The undersigned recommends that the defendants recover the $3,464.42 for the plaintiff's deposition transcript. The undersigned recommends that the defendants be awarded a total of $4,031.87 in transcript fees.

**3. Docket Fees and Copy Costs**

The plaintiff noted in the opposition to the Bill of Costs, that if the Court opts to award costs to the defendants, the plaintiff does not object to the award of costs in the amount of $278.41 for copies and $20.00 for docket fees. The undersigned finds these amounts

reasonable and finds that the costs are permitted under 28 U.S.C. § 1920.  Accordingly, the undersigned recommends the defendants recover $278.41 in copy costs and $20.00 in docket fees.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Defendants' Amended Bill of Costs (DE # 215, 8/5/10) be GRANTED in part and DENIED in part and that the defendants be awarded costs in the amount of $4,680.28.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia Seitz, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir.

1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 25th day of January, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE