UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21894-CIV-SEITZ/O'SULLIVAN

ERIC COVINGTON, individually and on
behalf of all others similarly situated,

    Plaintiff,
v.

ARIZONA BEVERAGE CO., LLC, HORNELL
BREWING COMPANY and FEROLITO
VULTAGGIO & SONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendants' Verified Motion for Attorneys' Fees (DE # 217, 8/30/10). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). Having carefully reviewed the filings and applicable law, the undersigned recommends that the Defendants' Verified Motion for Attorneys' Fees (DE # 217, 8/30/10) be GRANTED in accordance with the following Report and Recommendation,

## BACKGROUND

The plaintiff initiated this lawsuit on May 20, 2008, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The defendants removed the case to this Court on July 3, 2008. On September 18, 2009, the plaintiff gave his deposition in this case. During the deposition, the plaintiff indicated on the record that he continued to purchase Arizona products after reviewing the label and notwithstanding what he saw on the label

(Plaintiff's Deposition Tr. At p.67).  He also indicated that he thought Arizona tea was a healthy alternative to cola even though Arizona had high fructose corn syrup in the product (Plaintiff's Deposition Tr. At pp.67-68).  The plaintiff also said that he continued to purchase the product after his original complaint in this matter was filed.  (Plaintiff's Deposition Tr. At p. 231).  On December 9, 2009, the District Court ordered the parties to appear at mediation, which was to occur at 9:00 AM on May 7, 2010, (DE # 132, 12/9/09).  Appearance at the May 7, 2010, mediation was mandatory.  The plaintiff failed to appear at the mediation.  On June 15, 2010, the District Court dismissed this case with prejudice because the plaintiff failed to meet the obligations and responsibilities of a putative class representative, the plaintiff did not appear to be an appropriate class representative, and plaintiff's counsel did not appear to be an appropriate class counsel.  (DE # 206, 6/15/10).  The Court further noted that the plaintiff and plaintiff's counsel failed to appear at the Court ordered mediation, and that the plaintiff was "not the driving force behind this suit."  Id, at p.2.

The defendants filed the Defendants' Verified Motion for Attorneys' Fees on August 30, 2010, (DE # 217), requesting $292,073.50 in fees.  The plaintiff filed the Opposition to Defendants' Motion for Attorneys' Fees on September 13, 2010, (DE # 220).  The defendants filed the Defendants' Reply in Further Support of Motion for Attorneys' Fees on September 23, 2010, (DE # 221).

## ANALYSIS

### I. Entitlement to Fees

The Court dismissed the plaintiff's claims in this case with prejudice and the

defendants prevailed.  The defendants seek attorney's fees pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). FDUTPA's fee provision provides as follows:

> In any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, **may** receive his or her reasonable attorney's fees and costs from the nonprevailing party.

Fla. Stat. § 501.2105 (1) (emphasis added). An award of attorney's fees under FDUTPA's fee provision is discretionary. Humane Soc. of Broward County, Inc. v. Florida Humane Soc., 951 So.2d 966, 968 (Fla. 4th DCA 2007).  The defendants are seeking fees in the amount of $292,073.50.  The defendants are only seeking fees incurred between September 19, 2009, and April 30, 2010.  The defendants assert that during this time period the record was clear that there was no factual basis for the plaintiff's claim.  The defendants are seeking all their fees incurred during that time period, because the defendants argue that all the claims are inextricably intertwined. The defendants point out that according to the retainer agreement between the plaintiff and his counsel, the plaintiff's counsel will be paying the attorney's fees in this matter. Paragraph 7 of the retainer agreement reads in part as follows:

> In the unlikely event the court were to award the defendant attorney's fees and costs, we will pay these.

Retainer Agreement at p. 2.

The plaintiff asserts that the defendants are not entitled to recover fees in this matter.  The plaintiff argues that the Court is not authorized to award the defendants fees from the plaintiff's attorneys under FDUTPA because FDUTPA only permits the Court to award the prevailing party fees from the non-prevailing party, not from the non-

prevailing party's attorneys. The plaintiff points out that the defendants do not claim entitlement to fees from plaintiff's counsel under Fla. Stat. § 57.105, which permits the award of fees to a prevailing party from the non-prevailing party's attorneys. The plaintiff further argues that an award of attorney's fees under FDUTPA's fee provision is not mandatory, but rather, it is discretionary. Humane Soc. of Broward County, Inc. v. Florida Humane Soc., 951 So.2d 966, 968 (Fla. 4th DCA 2007). In the reply, the defendants assert that the motion seeks fees against the plaintiff. The undersigned finds that if fees are awarded in the case at bar, the fee award will be against the plaintiff.

   The plaintiff points out in the response that FDUTPA does not mandate an award of attorney's fees, rather, an award of fees is within the discretion of the Court. The plaintiff also argues that the defendant may not recover fees for what defendant calls undifferentiated claims. The plaintiff objects to the characterization of his claims being inextricably intertwined. An award of fees under FDUTPA is indeed discretionary. See, e.g., JES Properties, Inc. v. USA Equestrian, Inc., 432 F.Supp. 2d 1283, 1291 (M.D. Fla. 2006). When there was no additional effort in defending the case because of a FDUPTA claim, fees should not be awarded in accordance with FDUPTA. Id. Here, the undersigned finds that the plaintiff's claims were inextricably intertwined, and the defendants should be awarded fees under FDUTPA, for all of the plaintiff's claims. When facts supporting all causes of action are so intertwined that apportionment is not feasible, the court may award the prevailing party all attorney's fees. See Davis v. Locke, 936 F.2d. 1208, 1214 (11th Cir. 1991). Here the undersigned finds that the apportionment of fees to the different causes of action is not feasible. The undersigned

4

finds that the defendants are entitled to all reasonable fees incurred in this matter for the other causes of action presented in this case, as the causes of actions are inextricably intertwined and the defense of the other causes of action were intertwined with the FDUTPA claim.

As noted above, under FDUTPA, courts have the discretion to grant attorneys' fees and costs to a prevailing party. Fla. Stat. § 501.2105(1); <u>Humane Soc. of Broward County, Inc. v. Florida Humane Soc.</u>, 951 So.2d 966, 968 (Fla. 4th DCA 2007). In <u>Humane Soc. of Broward County, Inc.</u>, the court outlines seven (7) factors that courts might consider when determining whether to exercise the discretion to award fees. Those seven (7) factors are listed below:

>  (1) the scope and history of the litigation;
> 
>  (2) the ability of the opposing party to satisfy an award of fees;
> 
>  (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;
> 
>  (4) the merits of the respective positions - including the degree of the opposing party's culpability or bad faith;
> 
>  (5) whether the claim brought was not in subjective bad faith but was frivolous, unreasonable or groundless;
> 
>  (6) whether the defense raised a defense mainly to frustrate or stall;
> 
>  (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

<u>Id</u> at 971-972.

### 1. Scope and History of the Litigation

The defendants argue that with respect to the first factor, the plaintiff's claims in this case required the defendants to defend itself for over two years, and the plaintiff's claims proved to be baseless. The defendants further argue that the plaintiff continued to take a large amount of discovery after the plaintiff's deposition, during which it became evident, according to the defendants, that the claim should no longer proceed. The plaintiff asserts that the defendants' position is unfounded, and that the central issue of this litigation, which was the misleading advertising by the defendants, was never reached by the Court. The plaintiff argues that the case was dismissed as a sanction. The plaintiff further argues that this case was heavily litigated by both parties for the two year course. The undersigned agrees that this case was heavily litigated by both parties following the plaintiff's deposition, but the defendant's participation in the heavy litigation was caused by the plaintiff's actions, and finds that this factor weighs in favor of the defendant because the reason the case continued to be heavily litigated by both sides following the plaintiff's deposition, was the plaintiff's continued pursuit of his claim.

### 2. Ability of the Opposing Party to Satisfy an Award of Fees

The defendants indicate in the motion that it is unknown if the plaintiff has the ability to pay any fee award. The defendants also note that under the retainer agreement between the plaintiff and the law firm of Jackson and Tucker, Jackson and Tucker is obligated the pay the attorneys fees, if awarded, in this matter. The plaintiff argues that fees to be awarded under FDUPTA may be awarded to the prevailing party to be paid by the non-prevailing party, not the attorney of the non-prevailing party.

FDUTPA's fee provision provides as follows:

> In any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.

Fla. Stat. § 501.2105 (1).  The plain language of the statute indicates that if fees are awarded to the prevailing party the fees are to be paid by the non-prevailing party.  In no place does Fla. Stat. § 501.2105 (1) say that fees may be awarded to the prevailing party to be paid by the attorney for the non-prevailing party.  There are statutes that provide for fees to be awarded against a nonprevailing party's attorney, i.e. Fla, Stat. § 57.105, but Fla. Stat. § 501.2105 (1) is not one of those statutes.  Moreover, the plaintiff's response to the defendants' motion indicates that requiring the plaintiff to personally pay approximately $300,000.00 in attorneys' fees would be an enormous financial burden on the plaintiff.  The plaintiff did not submit any proof that having to pay the defendants' fees would be an enormous financial burden. If an award of fees is ordered in this case, the award will be made against the plaintiff.  However, a contract exists between the plaintiff and his counsel that mandates that plaintiff's counsel will pay any award of attorney's fees made in this case.  Therefore, there would be no financial burden on the plaintiff resulting from an award of attorneys fees to the defendants in this case.  The undersigned finds that this factor weighs in favor of the defendant, because there is no financial burden on the plaintiff.

      3. Would an Award of Fees Against the Opposing Party Deter Others from Acting in Similar Circumstances

The defendant argues that an award of fees in this case would deter other

plaintiffs from pursuing baseless claims.  The plaintiff argues that the plaintiff's claims were not baseless, and if every plaintiff ran the risk of having to pay fees in FDUTPA claims, no plaintiff could afford the risk of bringing a FDUTPA claim.  This, the plaintiff argues, would deter plaintiffs from bringing meritorious claims under FDUTPA, and is the reason why mandatory fees were eliminated under FDUTPA.  Awarding fees to the defendants would deter others from bringing legitimate FDUTPA claims, but would also deter others from pursuing baseless claims.  The undersigned finds this factor is neutral.

    4. Merits of the Respective Positions - Including the Degree of the Opposing Party's Culpability or Bad Faith

    The defendants claim that there is evidence of bad faith in this case because, as noted by the Court, the plaintiff's counsel failed to do its due diligence prior to filing the action.  Also, the defendants argue that the plaintiff continued to pursue his claim after it came to light during his deposition that the plaintiff continued to purchase Arizona products.  The defendants assert that this demonstrates bad faith on the part of the plaintiff.  The defendants cite to Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 915 (11th Cir. 1982) to note that while a lawyer is the agent of the client, and is the representative of the client, the client has the true authority over the litigation, and that the authority to make decisions regarding the suit rests with the client.  Id.  The defendants argue that the plaintiff shared in the responsibility of the decision to continue the law suit.  The plaintiff asserts that the claims had merit, and survived a Motion to Dismiss.  Moreover, the plaintiff argues that if the defendants thought that the plaintiff's claim became groundless on September 19, 2009, the defendants should not

have waited until January 29, 2010, to file a motion for summary judgment.  With respect to the plaintiff's criticizing the defendants for waiting four (4) months to file the summary judgment motion, the defendants argue in the reply that the plaintiff is the one required to justify why he failed to terminate his baseless claim, and the plaintiff proceeded with the case as well as opposed the Motion for Summary Judgment.  While the defendants waited until January 2010, to file the motion for summary judgment, the undersigned finds that this factor weighs in favor of the defendant, because it was the responsibility of the plaintiff to voluntarily dismiss the action once it became evident that the plaintiff could not proceed.

> 5. Was the Claim Brought Not in Subjective Bad Faith but was Frivolous, Unreasonable or Groundless

The defendants argue that the testimony given by the plaintiff during his deposition established that under FDUTPA, there was no actionable conduct.  In support of their position, the defendants cite to Prohias v. Pfizer, Inc., 485 F.Supp.2d 1329 (S.D. 2007), a case in which the plaintiff continued to purchase the complained of product after becoming aware of the alleged deceptive marketing.   That court concluded that because the plaintiff continued to purchase the product, the plaintiff did so for the health benefits and was unable to claim damage. Id.  Here, the defendants argue, because the plaintiff continued to purchase Arizona products after the complaint was filed, the plaintiff's FDUTPA claim was groundless.  The plaintiff argues that his claims were not frivolous, unreasonable or groundless.  The plaintiff cites to JES Properties, Inc. v. USA Equestrian, Inc., 432 F.Supp. 2d 1283, 1291 (M.D. Fla. 2006), which states:

9

> The '[f]rivolousness of a claim or a defense is to be judged and determined as of the time it is initially presented, and if it can pass muster at that point, subsequent developments which render the claim or the defense to be without justiciable issue in law or fact should not subject the losing party to attorney's fees.'

Id. (quoting Murphy v. WISU Properties, Ltd., 895 So.2d 1088, 1094 (Fla. 3d DCA 2004).  The Court in JES Properties, Inc. went on to say "[i]n other words the Court should avoid Monday morning quarterbacking, or after-the-fact reasoning, that the antitrust claims must have been frivolous because Plaintiffs did not ultimately prevail."  Id.   The undersigned finds that this factor weighs in favor of the defendant because the plaintiff continued to litigate this case after his deposition revealed that the plaintiff continued to purchase Arizona products after the filing of the complaint in this matter.

### 6. Was the Defense Raised a Defense Mainly to Frustrate or Stall

Both the plaintiff and the defendant agree that this factor is not relevant in this case.  The undersigned agrees and will treat this factor as being neutral in this matter.

### 7. Was the Claim Brought to Resolve a Significant Legal Question under FDUTPA Law

The defendants argue that no significant legal issue was at issue in this case, that this was a claim under FDUTPA about alleged misbranding of drink labels, and the plaintiff did not raise any new question of law that dealt with a FDUTPA claim.  The plaintiff argues that there were significant legal questions raised by this case, as there are two "sister" cases against these defendants on the same issues raised here that have been stayed by the courts in which they are pending, in order for the Food and Drug Administration (FDA) to determine whether the FDA thinks high fructose corn

syrup is natural.  The plaintiff also asserts that if the plaintiff's FDUTPA claims were insignificant, this Court would have "disposed of them by way of Defendants' *Motion to Dismiss*, which it did not do."  "Opposition to Defendants' Motion for Attorneys' Fees" at p. 19.  The fact that other courts have posed this question to the FDA, and the fact that this matter was not dismissed on the defendants initial Motion to Dismiss, weighs in favor of a finding that a significant legal issue was raised in the case. However, the issue of whether high fructose corn syrup is natural is not relevant to whether the plaintiff should have dismissed their case after it became apparent during the plaintiff's deposition that the plaintiff could not proceed in this matter.  The undersigned finds this factor to be neutral.

The undersigned finds that the seven (7) factors either weigh in favor of the defendant or are neutral.  The undersigned recommends that the Court award attorneys fees against the plaintiff in this matter under FDUTPA.

## II.     An Award of Attorney's Fees Must Be Reasonable

Having determined that the defendants are entitled to fees under FDUTPA, the Court must next determine the amount of fees that is reasonable.

In calculating a reasonable attorneys' fee award, the Court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  See Hensley v. Eckerhart, 461 U.S. 424 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar."  Under certain circumstances, the lodestar may be adjusted in order to reach a more

appropriate attorneys' fee.  See Blum v. Stenson, 465 U.S. 886, 888 (1984).

     A.    Reasonable Hourly Rate

The Court must first evaluate the defendants' requested fee in terms of the appropriate hourly rate.  In order to determine a reasonable and proper fee award, the Court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886 (1984).  In determining the prevailing market rates the Court should consider several factors including "the attorneys' customary fee, the skill required to perform the legal services, the attorneys' experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorneys' relationship to the client, and awards in similar cases."  Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996)(citing, Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

            Hourly Rates

In its motion the defendants request an award of $292,073.50 for attorneys' fees for the work performed by the legal professionals in this matter.  As noted by the defendants in the instant Motion, "[b]ased on the parties' meet and confer, Plaintiff does not dispute that the hourly rates charged are reasonable.  Plaintiff principally disputes entitlement and that their claims were factually intertwined."  "Defendants' Verified Motion for Attorneys' Fees" at p. 16.  From this statement in the defendants motion, it

appears that the plaintiff does not object to the hourly rates charged by the defendants. The plaintiff does not address the hourly rates of the time keepers for defense counsel in the response to the motion. The following is a chart of the legal professionals at Shutts & Bowen who incurred fees on behalf of the defendants between September 19, 2009, to April 20, 2010:

| Name | Title | Rate | Hours | Value |
| --- | --- | --- | --- | --- |
| Stephen B. Gillman | Partner - Shutts & Bowen | $400.00 | 133.60 | $53,440.00 |
| Frank A. Zacherl | Partner - Shutts & Bowen | $375.00 | 15.50 | $5,812.50 |
| M. Therese Vento | Partner - Shutts & Bowen | $340.00 | 3.00 | $1,020.00 |
| Arturo Martinez | Associate - Shutts & Bowen | $265.00 | 6.10 | $1,616.50 |
| Brad Redlien | Associate - Shutts & Bowen | $240.00 | 20.40 | $4,896.00 |
| Linda M. Sturtevant | Paralegal - Shutts & Bowen | $160.00 | 1.10 | $176.00 |
| | | | Total | $66,961.00 |

The following is a chart of the legal professionals at McElroy, Deutsch who incurred fees on behalf of the defendants between September 19, 2009, to December 31, 2009:

| Name | Title | Rate | Hours | Value |
| --- | --- | --- | --- | --- |
| Lewis H. Goldfarb | Of Counsel - McElroy, Deutsch | $360.00 | 5.10 | $1,836.00 |
| Robert P. Donovan | Of Counsel - McElroy, Deutsch | $260.00 | 99.00 | $25,740.00 |
| Mauro G. Tucci | Associate - McElroy, Deutsch | $180.00 | 58.40 | $10,512.00 |
| Daniel Font | Associate - McElroy, Deutsch | $180.00 | 10.60 | $1,908.00 |

| | | | | |
|---|---|---|---|---|
| Jamie D. Taylor | Associate - McElroy, Deutsch | $170.00 | 31.70 | $5,389.00 |
| Marissa Martini | Associate - McElroy, Deutsch | $165.00 | 17.00 | $2,805.00 |
| Michael Leone | Paralegal - McElroy, Deutsch | $90.00 | 1.50 | $135.00 |
| | | | **Total** | **$48,325.00** |

The following is a chart of the legal professionals at McElroy, Deutsch who incurred fees on behalf of the defendants between January 1, 2010, to April 30, 2010:

| Name | Title | Rate | Hours | Value |
|---|---|---|---|---|
| Lewis H. Goldfarb | Of Counsel - McElroy, Deutsch | $360.00 | 33.70 | $12,132.00 |
| Robert P. Donovan | Of Counsel - McElroy, Deutsch | $260.00 | 399.60 | $103,896.00 |
| William A. Cambria | Partner - McElroy, Deutsch | $260.00 | 33.80 | $8,788.00 |
| Daniel Font | Associate - McElroy, Deutsch | $185.00 | 134.00 | $24,790.00 |
| Jamie D. Taylor | Associate - McElroy, Deutsch | $180.00 | 100.20 | $18,036.00 |
| Marissa Martini | Associate - McElroy, Deutsch | $175.00 | 51.90 | $9,082.50 |
| Michael Leone | Paralegal - McElroy, Deutsch | $90.00 | 0.70 | $63.00 |
| | | | **Total** | **$176,787.50** |

The defendant's expert, Michael J. Higer, in his declaration, indicates that "[i]n his experience, the prevailing market rate in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation to Stephen B. Gillman, M. Therese Vento, Frank A. Zacherl, Lewis H. Goldfarb, Robert P.

Donovan, and William A. Cambria range from approximately $375.00 to $675 per hour." "Amended Declaration of Michael J. Higer as to Defendants' Attorneys' Fees" at p. 4. Mr. Higer further indicates that "[t]he hourly rates charged by these attorneys in the instant case, $260.00 to $400.00 per hour, fall at the lower end of this range and are exceedingly reasonable." Id. With respect to the associates, Mr. Higer opined that the hourly rates charged by defense counsel for the associate attorneys "are well within the range of hourly rates charged for associate time in the Southern District of Florida." Id. With respect to paralegals, Mr. Higer opines that "the reasonable hourly rate for paralegals assisting in such matters ranges from $100 to $200 per hour, depending upon their experience level and the nature of the services performed in a paralegal capacity." Id.

     Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. Norman, 836 F.2d at 1299. Furthermore, the Court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded. Norman, 836 F.2d at 1303 (citing Davis v. Board of School Commissioners of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976)). Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law, the Court's familiarity with attorneys' fees in the Southern District of Florida, and that the plaintiff does not object to the hourly rates requested by defense counsel, the undersigned finds that the hourly rates requested for each time keeper are reasonable and should be awarded to the defendants in this matter.

B.     Hours Reasonably Expended

The Court must next evaluate the defendant's requested fee for reasonableness in terms of the total hours expended by defendant's counsel. The defendants' motion requests reimbursement for a total of 1156.90 hours. The Court must exercise independent judgment when reviewing a claim for hours reasonably expended. See Norman, 836 F.2d 1292, 1301-02 (11th Cir. 1988). An attorney seeking to recover fees must keep accurate and current records of work done and time spent on a case. See Hensley v. Eckerhart, 461 U.S. 424, 437 & n.12, 103 S. Ct. 1933, 1941 & n.12 (1983). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney", National Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982), and which identify the subject matter of each time expenditure. See Hensley, 461 U.S. at 437 & n.12, 103 S. Ct. at 1941 & n.12. If there is inadequate documentation or if the Court finds a claim for hours to be "excessive or unnecessary", the Court may reduce the number of hours for which fees will be awarded. Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985); see also F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987) ("[W]here adequate contemporaneous records have not been kept, the court should not award the full amount requested."). This Court has the discretion to determine what fee is reasonable. Hensley, 461 U.S. at 433. A court may rely on its own knowledge and expertise in making fee determinations. ACLU of Georgia v. Barnes, 468 F.3d 423, 428 (11th Cir. 1999). The defendants support their fee request by submitting itemized bills and an affidavit of an expert and lead counsel for the defendants in this matter. With

respect to reasonableness the defendants state in their motion that "[t]o the extent Plaintiff also disputes reasonableness and necessity of the fee amount, the accompanying declaration of Defendants' lead counsel, Robert P. Donovan, Esq. and the declaration of the disinterested fee expert, Michael Higer, establish the reasonableness and necessity of the amount of fees sought ($292,073.50)." "Defendants' Verified Motion for Attorneys' Fees" at p. 16.

The plaintiff does not address the reasonableness of the fees in the response to the defendants motion. Pursuant to an independent review of the bills submitted by the defendants in support of the Motion for Fees in this matter, the undersigned finds that the time records kept appear to be accurate and current records of the work done and the time spent on the case. The undersigned finds that the hours spent by the attorneys in the case at bar are reasonable, and recommends that the defendants be awarded $292,073.50.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Defendants' Verified Motion for Attorneys' Fees (DE # 217, 8/30/10) be GRANTED and that the defendants be awarded $292,073.50 in fees in this matter against the plaintiff.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia Seitz, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958,

109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 15th day of February, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
The Honorable Patricia A. Seitz
All Counsel of Record