UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21894-CIV-SEITZ/SIMONTON

ERIC COVINGTON, individually and
on behalf of all others similarly situated,

        Plaintiff,

v.

ARIZONA BEVERAGE CO., LLC, *et al.*,

        Defendants.
_____/

## ORDER AFFIRMING IN PART REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Report and Recommendation [DE-227] of Magistrate Judge O'Sullivan, in which he recommends that Defendants' Verified Motion for Attorneys' Fees [DE-217] be granted. Plaintiff has filed his Opposition to Report and Recommendation [DE-230]. Defendants sought their fees after the Court dismissed with prejudice Plaintiff's complaint as a sanction for Plaintiff's failure to appear at Court ordered mediation and because Plaintiff did not appear to be an appropriate class representative and counsel did not appear to be appropriate class counsel. Thereafter, Defendants filed their Motion for Attorneys' Fees, which seeks fees pursuant to Florida Statute § 501.2105(1). Because Defendants have established that fees are appropriate under the circumstances of this case, Defendants' Motion is granted.

### I. Background Facts

This case was filed in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County as a putative damages class action. Plaintiff's four-count complaint alleged causes of action under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), for

unjust enrichment, for money had and received, and for breach of express warranty. Defendants removed the action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Thereafter, Plaintiff filed a motion to remand, which was denied after briefing and a hearing. Plaintiff then filed an amended complaint [DE-106] alleging claims under FDUTPA, for breach of warranty, and for money had and received and seeking, among other things, injunctive relief, damages, and attorneys' fees. Defendants responded by filing a motion to dismiss. The case proceeded, the parties engaged in extensive discovery, and a motion for summary judgment was filed as well as a motion for class certification.

      Early in the case, the Court entered its Mediation Referral Order, requiring the parties to participate in mediation and requiring all parties to be present at the mediation. On December 19, 2009, the Court entered the parties' proposed order scheduling mediation for May 7, 2009. On May 4, 2009, Plaintiff filed a motion for leave to attend the mediation telephonically. On May 5, 2009, the Court denied Plaintiff's request. Despite the Court's orders requiring Plaintiff to appear in person at the mediation, Plaintiff did not appear. Thus, the mediation did not take place. As a result, the Defendants sought and the Court issued an Order to Show Cause. On June 14, 2010, the Court held a hearing on the Order to Show Cause. After the hearing, the Court dismissed the complaint with prejudice because Plaintiff failed to meet his responsibilities as class representative, Plaintiff did not appear to be an appropriate class representative, and class counsel did not appear to be an appropriate class counsel. *See* DE-206. In the order dismissing the case, the Court also noted that Plaintiff had called chambers prior to the hearing and indicated to chambers staff that he was not the driving force behind the lawsuit.

**II. Plaintiff's Objections to the Report and Recommendation**

Plaintiff objects to the Magistrate Judge's Report and Recommendation on numerous grounds: (1) the Magistrate Judge erred in finding that Plaintiff's counsel failed to appear at the Court ordered mediation; (2) the Magistrate Judge erred in finding that a contract exists between Plaintiff and his counsel that mandates that Plaintiff's counsel pay any award of attorneys' fees;[1] (3) the Magistrate Judge erred in awarding discretionary fees under the circumstances; (4) the Magistrate Judge erred in finding that when the facts supporting a cause of action are so intertwined that apportionment is not feasible, a court may award the prevailing party all of its fees; and (5) the Magistrate Judge erred in his analysis of several of the *Humane Society*[2] factors, which he weighed in determining whether Defendants should be awarded their fees. Notably, Plaintiff does not object to the Magistrate Judge's findings that defense counsel's rates were reasonable, that the hours expended on this matter were reasonable, and, thus, that the amount of the fees sought by Defendants was reasonable. Upon *de novo* review, the Court agrees with the Magistrate Judge's conclusion regarding the rates, hours, and fees and, therefore, will not discuss the reasonableness of the fees further.

*1. Counsel's Failure to Appear*

Plaintiff first objects to the Magistrate Judge's factual finding that Plaintiff's counsel failed to appear at the Court ordered mediation. A review of the record indicates that Plaintiff's

---

[1]While Plaintiff states that the Magistrate Judge erred in making this conclusion, Plaintiff states that he will not discuss this issue further in his Opposition. Thus, the Court will not address this issue directly. However, the existence of the agreement is relevant to an issue discussed below, under *Humane Society* factor 2.

[2]*Humane Society of Broward County, Inc. v. Florida Humane Society*, 951 So. 2d 966, 971-72 (Fla. 4th DCA 2007).

counsel did appear at the Court ordered mediation, but that Plaintiff failed to appear at the mediation. Consequently, the Magistrate Judge erred in his factual finding that Plaintiff's counsel did not appear. However, this fact is not relevant to whether Defendants should be awarded fees.

### 2. An Award of Fees is Not an Abuse of Discretion Under the Circumstances

Plaintiff argues that an award of fees under Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), pursuant to Florida Statute, § 501.2105(1), is entirely discretionary and that awarding fees after dismissing Plaintiff's complaint as a sanction would be an abuse of discretion. In support, Plaintiff quotes extensively from this Court's opinion in *Leor Exploration & Production LLC v. Aguiar*, 2010 WL 3782195 (S.D. Fla. Sept. 28, 2010), in which the Court, after dismissing the pleadings of a party who had hacked into privileged emails of the other party, refused to assess attorneys' fees against the offending party because dismissal plus the imposition of fees would be an excessive sanction under the circumstances. Plaintiff argues that his situation is not as severe as the one in *Leor* and thus to impose fees would be overwhelming.

However, Plaintiff's situation in this case differs significantly from the situation in *Leor*. In *Leor* the sanctioned party lost his causes of action, potentially worth millions of dollars. In this case, Plaintiff's own testimony indicated that he did not even have a cause of action. Plaintiff's counsel appeared to recognize this when he belatedly sought to substitute the party plaintiff in the case.[3] Plaintiff's counsel, however, gave other reasons for its motion to substitute

---

[3]Plaintiff's counsel filed the Motion for Leave of Court to File Amended Complaint to Substitute Plaintiff Class Representative [DE-187] on May 10, 2011, one day after Plaintiff failed to appear at the mediation, more than seven months after Plaintiff's testimony indicated that he might not have a claim, and more than three months after Defendants' summary judgment motion and Plaintiff's motion for class certification had been filed.

the party plaintiff. Thus, in reality Plaintiff did not lose a claim worth millions of dollars to him personally, as the sanctioned party in *Leor* did. Plaintiff further argues that Plaintiff's counsel admitted that he was at fault for failure to notify Plaintiff regarding the mediation. However, Plaintiff's failure to appear at the mediation was not the sole reason the Court dismissed the case. The Court dismissed the case because, based on his own statements to the Court and his deposition testimony, Plaintiff was not an appropriate class representative. Further, despite record evidence of Plaintiff's unsuitablity as a class representative, Plaintiff's counsel continued to fully litigate this matter for several months, which included the full briefing of a motion for class certification and a motion for summary judgment. Plaintiff chose to continue to litigate this matter knowing that his main cause of action was a claim under FDUTPA, which has a prevailing party fee clause and was the only basis for Plaintiff seeking fees in his amended complaint. Plaintiff made decisions, as a plaintiff and as a class representative, and must accept responsibility for those decision. Consequently, the Court finds that awarding attorneys' fees to Defendants would not be an abuse of its discretion under the circumstances.

### 3. The Court May Award Attorneys' Fees When Causes of Action Are Intertwined

Defendants sought and the Magistrate Judge recommended awarding all fees incurred by Defendants from September 19, 2009 until April 20, 2010.[4] The Magistrate Judge, citing to *Davis v. Locke*, 936 F.2d 1208, (11th Cir. 1991), found that Plaintiff's FDUTPA claim and his other claims were inextricably intertwined and, therefore, Defendants could recover the full amount of their incurred fees. Plaintiff asserts that the Magistrate Judge applied the wrong case

---

[4]Defendants did not seek fees dating back to the commencement of the lawsuit. They chose the September 19, 2009 date because, based on Plaintiff's September 18, 2009 deposition testimony, it became clear that Plaintiff could not support his claims.

law and that the appropriate case law leads to the conclusion that fees should not be awarded for FDUTPA claims when there is no additional effort in defending the case because of the FDUTPA claims.

Florida courts that have addressed this issue have allowed the recovery of attorneys' fees without apportionment under FDUTPA when "only one transaction or set of facts . . . give rise to all . . . 'theories' in the complaint." *LaFerney v. Scott Smith Oldsmobile, Inc.*, 410 So. 2d 534, 535 (Fla. 5th DCA 1982); *see also Smith v. Bilgin*, 534 So. 2d 852, 854 (Fla. 1st DCA 1988). Furthermore, the statute requires that the "attorney for the prevailing party shall submit a sworn affidavit of his or her time spent *on the case*." Fla. Stat. § 501.2105(2) (emphasis added). Based on this language Florida courts have held that the statute contemplates recovery of fees for hours devoted to the entire litigation. *Smith*, 534 So.2d at 854; *Heindel v. Southside Chrysler-Plymouth, Inc.*, 476 So. 2d 266, (Fla. 1st DCA 1985) (stating that language in § 501.2105(2) "contemplates recovery of attorney's fees for hours devoted to the entire litigation or civil case and does not require allocation of attorney time between the chapter 501 count and other alternative counts based on the same consumer transaction unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501"). Based on this line of cases, the Court finds that the Magistrate Judge did not err in awarding Defendants all of their fees, without apportionment.

Plaintiff cites to several cases from United States District Courts that appear to hold otherwise. However, those decisions are not binding on this Court when it is interpreting state law, while the decisions of a state's intermediate appellate courts are binding, unless there is persuasive evidence that a state's highest court would rule otherwise. *Bravo v. United States*,

577 F.3d 1324, 1325 (11th Cir. 2009). Furthermore those cases are distinguishable. In both *VP Gables, LLC v. The Cobalt Group, Inc.*, 597 F. Supp. 2d 1326 (S.D. Fla. 2009), and *JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283 (M.D. Fla. 2006), the FDUTPA claims were secondary to the primary claims of the plaintiffs. In *VP Gables*, an action that arose out of negotiations for defendant to acquire plaintiff, the primary claim was for breach of contract and the court ultimately awarded fees pursuant to a fee provision in the parties' contract. *VP Gables*, 597 F. Supp. 2d at 1330. In *JES Properties*, the primary claims were brought under the anti-trust statutes, which do not have fee provisions, and the success of the FDUTPA claim was dependent on the success of the anti-trust claims. Thus, the *JES Properties* court denied the request for fees under FDUTPA stating that awarding the fees would be tantamount to awarding fees under the anti-trust statutes, which clearly do not allow such fee awards. *JES Properties*, 432 F. Supp. 2d at 1292. In the instant case, Plaintiff's primary claim was the FDUTPA claim. In fact, his amended complaint incorporated the FDUTPA allegations into the other two counts. Consequently, Plaintiff has not established that the Magistrate Judge erred by awarding Defendants all of their fees for the time period at issue.

  *4. The Magistrate Judge Did Not Err in His Application of the Humane Society Factors*

  In *Humane Society*, the court set out seven factors that a trial court might consider when determining whether to exercise the discretion to award attorneys' fees:

> (1) the scope and history of the litigation;
> (2) the ability of the opposing party to satisfy an award of fees;
> (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;
> (4) the merits of the respective positions-including the degree of the opposing party's culpability or bad faith;

>   (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;
>   (6) whether the defense raised a defense mainly to frustrate or stall;
>   (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

951 So. 2d at 971-72. The Magistrate Judge weighed these factors and found that all of the factors were either neutral or weighed in favor of awarding Defendants their fees. Plaintiff asserts that the Magistrate Judge erred in his analysis of factors 1, 2, 3, 4, 5, and 7.[5]

>   *a. The Magistrate Judge Did not Err in Finding that Factors 1, 4, and 5 Weighed in Favor of Defendants*

Plaintiff first argues that the Magistrate Judge erred in finding that factors 1, 4, and 5 weighed in favor of Defendants for several reasons. First, the case was heavily litigated for more than two years and after the Plaintiff's deposition was taken, where it became evident that Plaintiff should not proceed with his claim, Plaintiff continued to take large amounts of discovery and otherwise proceed with the case. Moreover, Plaintiff's actions precipitated Defendants' participation in the heavy litigation. Furthermore, Plaintiff continued to litigate the case after his deposition testimony revealed that he continued to purchase Defendants' products. Plaintiff contends that these conclusions are in error. However, a review of the record, including the excerpts of Plaintiff's deposition, indicates that, at Plaintiff's deposition, it became clear that Plaintiff's testimony contradicted the allegations in the amended complaint about why Plaintiff purchased Defendants' products. Based on Plaintiff's testimony, it appeared that Plaintiff did not

---

[5] The Report and Recommendation found that factor 7 was neutral. While Plaintiff states in his opposition to the Report and Recommendation that such a finding was in error, his opposition to the Report and Recommendation does not address this issue, other than to refer back to his Opposition to Defendants' Motion for Attorneys' Fees. The Court finds that the Magistrate did not err in his finding that this factor was neutral and will not address it further.

have a valid claim under any of the three counts of the amended complaint. Despite this, Plaintiff continued to litigate the matter for more than six months, until the Court dismissed the action.

Plaintiff argues that he was not seeking a damages class and primarily sought to stop Defendants' misrepresentations about their products.[6] However, regardless of Plaintiff's motives, Plaintiff continued to litigate this claim, even after his deposition. Furthermore, Plaintiff's argument that because his claims survived a motion to dismiss, his claims clearly had merit is without merit. His claims may have had merit on the face of the pleadings but, as already stated, his own testimony contradicted the allegations in the amended complaint. Moreover, as the Court noted in its Order Dismissing Case With Prejudice, this case was not about Plaintiff; it was driven purely by Plaintiff's counsel. Thus, the Magistrate Judge did not err in finding that these three factors weighed in favor of awarding Defendants their attorneys' fees.

    *b. The Magistrate Judge Did Not Err in Finding that Factor 2 Weighed in Favor of Defendants*

Plaintiff next contends that the Magistrate Judge erred in finding that there would be no financial burden upon Plaintiff if fees were awarded to Defendants. The Magistrate Judge came to this conclusion because Plaintiff did not submit any evidence that having to pay a fee award would be a financial burden and because Plaintiff and his counsel have an written agreement in which Plaintiff's counsel promises to pay any attorneys' fee award against Plaintiff.

---

[6]The amended complaint does not indicate that Plaintiff was seeking only injunctive relief. Paragraph 3 states that Plaintiff is seeking damages and the class certification allegations in the amended complaint only refer to Federal Rule of Civil Procedure 23, without reference to any sub-parts.

9

In response to the Magistrate Judge's conclusions, Plaintiff has submitted a Declaration that an award of attorneys' fees in the amount at issue here would force him into bankruptcy because he does not have the financial resources to satisfy such a judgment. This Declaration should have been submitted as part of Plaintiff's opposition to the original motion. It is not appropriate to present new evidence to the Court at this point in the proceedings. Plaintiff, citing to this Court's decision in *Colomar v. Mercy Hospital, Inc.*, 2008 WL 4459383 (S.D. Fla. Sept. 29. 2008), also argues that the Magistrate Judge improperly considered the contract between Plaintiff and his counsel, in which counsel agreed to pay any fees awarded against Plaintiff. However, in *Colomar*, the Court did not state that a fee agreement between a party and his counsel should not be considered when analyzing this factor. While in *Colomar* the Court found it premature to determine the parties' rights under the agreement, the Court did consider the existence of such a fee agreement when analyzing this factor. *Id.* at *3. Thus, Plaintiff has not presented any authority supporting his contention that the Magistrate Judge should not have considered the existence of a fee agreement between Plaintiff and his counsel. Furthermore, even if the Court were to determine that this factor were neutral, as Plaintiff argues, the overall balance of the factors would still weigh in favor of Defendants.

      c. *The Magistrate Judge Erred in Finding that Factor 3 Was Neutral*

The Report and Recommendation found that factor 3, deterrence in similar circumstances, was neutral because, while awarding fees to Defendants would deter others from bringing baseless claims, it would also deter others from pursuing legitimate FDUTPA claims. In his opposition to the Report and Recommendation, Plaintiff does not really argue that the Magistrate Judge erred in his conclusion as to this factor. However, in his opposition to the

motion for attorneys' fees, Plaintiff argues that an award of attorneys' fees in this case would have a substantial chilling effect on future legitimate claims under FDUTPA. However, under the circumstances of this case, the deterrence issue is not just about bringing FDUTPA claims; it is also about deterring future plaintiffs from abdicating their role in the litigation to their attorneys. As the Court previously noted in its Order Dismissing Case With Prejudice [DE-206], this case appeared to be driven purely by counsel and Plaintiff appeared to have a complete lack of involvement in or knowledge of the matter. Such behavior by a plaintiff should not be condoned by a court. Thus, this factor is not neutral; it weighs in favor of Defendants.

Accordingly, having carefully reviewed, *de novo*, Magistrate Judge O'Sullivan's Report and Recommendation, Plaintiff's Opposition, and Defendants' Response, and the record, it is hereby

ORDERED that:

(1) The above-mentioned Report and Recommendation [DE-227] is AFFIRMED and ADOPTED in part. The Report and Recommendation is affirmed and adopted except:

a) The factual finding that Plaintiff's counsel did not attend the mediation is REJECTED;

b) The Magistrate Judge's finding that the third *Humane Society* factor, deterrence in similar circumstances, is neutral is REJECTED.

(2) Defendants Verified Motion for Award of Attorneys' Fees [DE-217] is GRANTED. Defendants are awarded $292,073.50 in attorneys' fees from Plaintiff.

DONE AND ORDERED in Miami, Florida, this 25th day of August, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge O'Sullivan
All Counsel of Record

11